# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>   v.<br>JOSHUA BEATY,<br><br>        Defendant. | Case No. 3:13-cr-00010-SLG |

## ORDER GRANTING RECONSIDERATION AND STAYING MOTION TO VACATE SENTENCE

Before the Court is Joshua Beaty's motion for reconsideration at Docket 64. Mr. Beaty seeks reconsideration of the Court's order at Docket 61, which denied Mr. Beaty's motion to vacate his sentence. The Government opposed reconsideration at Docket 72. Oral argument was held on October 4, 2016.

**1. Background**

On February 1, 2016, at Docket 43, Mr. Beaty filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Upon being appointed counsel, he filed his First Amended Motion to Vacate, in which he argued that in light of the United States Supreme Court's recent decision in *Johnson v. United States*, the use of his two prior burglary convictions to enhance the applicable Guideline range violates due process.[1] The Government filed an opposition, in which it argued that the Court had properly enhanced Mr. Beaty's Guideline calculation because the burglaries constituted crimes of violence that were listed in United States Sentencing Guideline § 4B1.2 as it existed at the time of

---
[1] Docket 51; *Johnson*, 135 S. Ct. 2551 (2015).

sentencing.[2]  The Government also argued that by signing a plea agreement, Mr. Beaty waived his ability to collaterally attack his sentence on the basis he had asserted in his motion.[3]  And the Government argued that even if the residual clause were applicable, *Johnson*'s analysis does not apply retroactively to the residual clause in the Sentencing Guidelines.  At Docket 56, the Government moved to stay the proceedings until the Ninth Circuit determined the issue.[4]  After that filing was made, the issue came before the United States Supreme Court in *Beckles v. United States*, but the Court has not yet issued its ruling in that case.[5]  Mr. Beaty replied to the Government's opposition to the motion to vacate at Docket 57 and objected to staying the proceedings at Docket 58.

Upon initial consideration of these motions, the Court issued an order on September 6, 2016 at Docket 61, in which it observed that Mr. Beaty's original Guideline calculation included an enhancement based on Mr. Beaty's prior burglary convictions and held that Mr. Beaty had waived his right to collaterally attack that calculation.  Accordingly, the Court denied both Mr. Beaty's motion to vacate and the Government's motion to stay.

On September 8, 2016, Mr. Beaty filed the current motion for reconsideration of the Court's September 6, 2016 order.  Upon consideration of the parties' arguments, the Court will grant that motion and set aside its order denying the motion to vacate.

---

[2] *See* Docket 52 at 1–2; *but see* n.11, infra.

[3] *See* Docket 53 (Gov't Opp'n to Mot. to Vacate) at 6–8.

[4] *See* Docket 56 at 2.

[5] 616 F. App'x 415 (11th Cir. 2015), *cert. granted,* 136 S. Ct. 2510 (2016) (No. 15-8544, 2016 Term).

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order Granting Reconsideration and Staying Motion to Vacate
Page 2 of 6

However, the Court will also on its own initiative stay its determination of the motion to vacate pending the Supreme Court's determination in *Beckles.*

### 2. Relief from the Prior Order

Pursuant to Federal Rule of Civil Procedure 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [for] any other reason [not covered by (1)–(5)] that justifies relief."[6] While Rule 60(b)(6) is reserved for "extraordinary circumstances,"[7] the Ninth Circuit has held that legal error may provide a basis for relief.[8]

### 3. The Court's Reliance on the Residual Clause at Sentencing

On June 12, 2013, the Court sentenced Mr. Beaty to a term of imprisonment of 96 months for the offense of Felon in Possession of a Firearm.[9] The Court calculated the Guideline range at the start of the sentencing hearing. The statutory maximum for the crime was 120 months. In the absence of such limitation, the Guideline range would have been 130 to 162 months[10]—a range that was based on a total offense level of 27,[11] which was based in part on a 4-level enhancement due to Mr. Beaty's two prior burglary

---

[6] Fed. R. Civ. P. 60(b)(6).

[7] *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

[8] *In re Int'l Fibercom, Inc.,* 503 F.3d 933, 940 (9th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)) (holding that the district court did not abuse its discretion when it granted a Rule 60(b)(6) motion challenging an order that granted relief not permitted by the Bankruptcy Code).

[9] *See* Docket 41 (Am. J.) at 2.

[10] *See* Docket 24 (Presentence Report) at 29.

[11] Docket 24 at 14.

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order Granting Reconsideration and Staying Motion to Vacate Sentence
Page 3 of 6

convictions pursuant to § 2K2.1(a)(2).[12]  But because of the statutory maximum, the Court's Guideline calculation defaulted to 120 months.  The Court then considered all of the applicable factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence of 96 months.[13]

At the time of Mr. Beaty's sentencing, the Ninth Circuit had recognized that the elements of burglary under Alaska law were not a categorical match with the generic definition of burglary under federal law.[14]  But the Ninth Circuit had also held that a district court could rely on the residual clause to classify prior burglaries as crimes of violence.[15]  Given the posture of the then-current Ninth Circuit authority, Mr. Beaty had no basis at the time of his sentencing to object to the enhancement of his Guideline calculation based on the prior burglary convictions.  Accordingly, Mr. Beaty's Guideline calculation depended, at least in theory, on the validity of the residual clause of § 4B1.2(a)(2), and the Court's September 6, 2016 order erroneously held otherwise.  Therefore, the Court's prior order at Docket 61 will be vacated, and the Court will reconsider Mr. Beaty's first amended motion to vacate at Docket 51.

---

[12] The applicable U.S. Sentencing Guidelines then in effect, § 2K2.1(a)(2), provided that the Base Offense Level should be 24 if "defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance." (U.S. Sentencing Comm'n 2012). § 2K2.1 refers to § 4B1.2(a), which defines crime of violence. *Id.*

[13] Docket 54 (Sent'g Tr.) at 31.

[14] *United States v. Sparks*, 265 F.3d 825, 834 (9th Cir. 2001) ("[T]he Alaska statute exceeds the scope of generic burglary."), *overruled on other grounds by United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc).

[15] *United States v. Mayer*, 560 F.3d 948, 958 (9th Cir. 2009).

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order Granting Reconsideration and Staying Motion to Vacate
Page 4 of 6

### 4. Motion to Vacate

Pursuant to 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence," on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States."

Mr. Beaty argues that the Supreme Court's holding in *Johnson*, which nullified the residual clause contained in the Armed Career Criminal Act (ACCA), applies equally to the identically-worded residual clause contained in § 4B1.2. In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutional under the void-for-vagueness doctrine.[16] Then in *Welch*, the Court found that *Johnson* applies retroactively to cases on collateral review,[17] creating the potential for relief for prisoners previously sentenced pursuant to the residual clause of the ACCA. But neither the Supreme Court nor the Ninth Circuit have determined whether *Johnson*'s reasoning applies retroactively to Guideline cases on collateral review. The issue is currently before the Supreme Court in *Beckles v. United States*;[18] oral argument was heard on November 28, 2016 and a decision is expected within the next six months. In these circumstances, the Court finds it would be premature for this Court to rule on this issue at this time given the likelihood of a clear resolution in the near future.

---

[16] *Johnson*, 135 S. Ct. 2551.

[17] *Welch*, 136 S. Ct. at 1265.

[18] *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted,* 136 S. Ct. 2510 (2016) (No. 15-8544, 2016 Term).

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order Granting Reconsideration and Staying Motion to Vacate Sentence
Page 5 of 6

The Court acknowledges, however, that if *Johnson*'s rationale applies retroactively to Mr. Beaty's case it could result in a reduced sentence.[19] Accordingly, the parties are directed to consider what their respective positions will be if *Johnson*'s rationale is held to apply retroactively to Guideline cases so that if Mr. Beaty's position prevails, resentencing could occur promptly thereafter.

For the reasons set forth above, IT IS ORDERED that Defendant's motion to reconsider at Docket 64 is GRANTED and the order at Docket 61 is VACATED. It is further ordered that Defendant's motion to vacate at Docket 51 is STAYED until either June 30, 2017 or the Supreme Court issues its decision in *Beckles*, whichever occurs first.

DATED this 19th day of December, 2016.

                                                      */s/ Sharon L. Gleason*
                                                      UNITED STATES DISTRICT JUDGE

---

[19] *But see* Docket 54 (Sent'g Tr.) at 31 in which the Court stated,

> In looking at the guidelines, they really are not particularly applicable here, in point of fact considerably higher than the statutory minimum—I mean statutory maximum, so that the guidelines consideration is not one that really came into play here at all, given that Congress has indicated that the maximum penalty in this particular situation should be 120 months, below what the guidelines would otherwise have [been].

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order Granting Reconsideration and Staying Motion to Vacate Sentence
Page 6 of 6