# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA BEATY, <br><br> Defendant. | Case No. 3:13-cr-00010-SLG |

## ORDER RE MOTION TO CORRECT

Before the Court at Docket 82 is Defendant Joshua Beaty's Motion to Correct Typographical or Other Clerical Error Pursuant to Federal Rule of Criminal Procedure 36. The Government did not file any response to the motion. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

On January 22, 2010, Joshua Beaty was arrested in Wasilla, Alaska, for the alleged burglaries of two residences. Mr. Beaty was subsequently convicted of Burglary in the First Degree in Alaska case 3PA-10-02192CR. On July 26, 2012, Mr. Beaty was sentenced to six years in prison in that case. He was given a delayed remand, for which he failed to report.[1]

On October 26, 2012, Mr. Beaty was arrested for an attempted home burglary in Big Lake, Alaska.[2] Mr. Beaty was found to be in possession of two firearms and 2.18 grams of heroin. Charges for both state and federal crimes arose from the incident.

---

[1] Docket 24 (Presentence Report) at 21.

[2] Docket 24 at 8–9.

On June 12, 2013, Mr. Beaty pled guilty in this case to Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3] On October 1, 2013, Mr. Beaty was sentenced to 96 months' imprisonment for that crime.[4] The Amended Judgment stated that "[t]his term is to be served concurrently with the sentence imposed in the State case 3PA-12-02890CR and credit for time served effective as of October 26, 2012."[5] At the time of Mr. Beaty's federal sentencing, he had been incarcerated since October 26, 2012, the date of his arrest. However, Mr. Beaty was not sentenced in State case 3PA-12-02890CR until in August 2015, when he was sentenced to a ten-year term of imprisonment for Burglary, followed by a three-year term of imprisonment for Assault.[6]

At the sentencing in this case, statements made by the parties and the Court indicated a mistaken belief that Mr. Beaty's ongoing incarceration was based solely on Mr. Beaty's arrest for the October 26, 2012 conduct that was the basis of both this federal conviction and the subsequent sentence imposed in 3PA-12-02890CR.[7] However, on August 11, 2017, Jose Santana of the Bureau of Prisons sent a letter to this Court explaining that "[a]t the time the federal sentence was imposed, Mr. Beaty was in the primary custody of the State of Alaska serving a six (6) year state sentence on un-related burglary charges in State case number 3PA-S10-02192CR, beginning September 1,

---

[3] Docket 52 (Change of Plea Hr'g Tr.) at 27.

[4] Docket 41 (Am. Judg.). This Court issued an Amended Judgment on October 8, 2013.

[5] Docket 41.

[6] Docket 81 (Notice) at 1.

[7] Docket 54 (Sentencing Hr'g Tr.) at 34–35.

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order re Motion to Correct
Page 2 of 6

2012, with a release date of August 28, 2018."[8]  The letter explained that Mr. Beaty would not begin to serve his sentence in 3PA-12-02890CR until September 1, 2018.  Therefore, "[t]he Bureau of Prisons (Bureau) cannot commence Mr. Beaty's federal sentence until September 1, 2018, when the 6-year term of imprisonment in case number 3PA-S10-02192CR is complete, as the federal sentence was not ordered to run concurrently with this state case."[9]

On October 19, 2017, Mr. Beaty filed the instant Motion to Correct, asserting that this Court should use its authority under Rule 36 to issue an amended judgment providing that "Mr. Beaty's federal sentence run concurrently with both 3PA-12-02890CR and 3PA-S10-02192CR."[10]

## DISCUSSION

Federal Rule of Criminal Procedure 36 provides that the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Mr. Beaty maintains that this Court erred by failing to specify in the Amended Judgment that his sentence was to run concurrently with his sentence in state case 3PA-10-02192CR.

Mr. Beaty notes that this Court's Amended Judgment "directed Mr. Beaty to receive credit for time spent in custody as of the date of his arrest, October 26, 2012," and suggests that "the court may have been unaware that Mr. Beaty was being held in

---

[8] Docket 81 at 1.

[9] Docket 81 at 2.

[10] Docket 82 at 2.

Case No. 3:13-cr-00010-SLG,  *United States v. Beaty*
Order re Motion to Correct
Page 3 of 6

custody in a separate state case or inadvertently omitted the additional case number from the Judgment."[11]

The Court only intended for the federal sentence in this case to run concurrently with Mr. Beaty's sentence in 3PA-12-02890CR. This is consistent with the terms of the parties' plea agreement, which states:

> The parties agree to recommend in accordance with U.S.S.G. §5G1.3(b)(2) that the defendant's term of imprisonment, if any, run concurrently with any term of undischarged imprisonment imposed in the case of State of Alaska v. Joshua R. Beaty, 3PA-12-02890CR, State of Alaska Criminal Superior Court, Third Judicial District at Palmer, filed on October 27, 2012.[12]

During the change of plea hearing, the Court stated that "the parties have agreed to recommend that the term of imprisonment run concurrently with any term of undischarged imprisonment in a State case, specifically 3PA-12-2890CR."[13] Furthermore, the Judgment itself stated that the federal sentence was to run concurrently only with the sentence imposed in state case 3PA-12-02890CR.[14] This was proper because the two cases arose from the same course of conduct.[15]

---

[11] Docket 82 at 1, 2.

[12] Docket 21 (Plea Agreement) at 10.

[13] Docket 52 at 13.

[14] Docket 41 at 2. Because Mr. Beaty's sentence in 3PA-10-02192CR was for a separate crime committed prior to the conduct that was the basis for his federal sentence, it would not have been appropriate for the Court issue a concurrent sentence. *See* U.S.S.G. § 5G1.3(a) (2012) ("If the instant offense was committed . . . after sentencing, but before commencing service of, such term of imprisonment [for previous offense], the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.").

[15] *See* U.S.S.G. § 5G1.3(b) (2012) (requiring concurrent sentences for convictions that arise from "relevant conduct" that was also the "basis for an increase in the offense level for the instant offense"); Docket 24 at 12 (including enhancement for federal sentence based on commission of the robbery offense that was the subject of the state charges). Although at the time of his federal sentencing Mr. Beaty did not yet have an "undischarged term of imprisonment" for the state case 3PA-12-02890CR, the Court had the discretion to impose a concurrent sentence. *See Setser v.*

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order re Motion to Correct
Page 4 of 6

The Court acknowledges that there was an error in the Amended Judgment, but it was not the error that Mr. Beaty asserts. The error was the identification of October 26, 2012 as the date from which Mr. Beaty should begin to receive credit. Based on the Court's review of the record, it appears the source of this error can be traced to the sentencing hearing, during which the parties indicated that October 26, 2012 was the starting date of Mr. Beaty's incarceration.[16] While this is true in a literal sense, it appears that both the Government and the Court were unaware that Mr. Beaty's incarceration at that time was for his conviction in state case 3PA-10-02192CR, which was unrelated to either the federal case or 3PA-12-02890CR.[17]

---

*United States*, 566 U.S. 231, 2336–37 (2012).

[16] Docket 54 at 35.

[17] The following exchange occurred during the sentencing hearing:

> Defense Counsel: The other [issue] is the start date of the sentence. Ideally, I'd like it to start in October when he was arrested because he's been incarcerated every day since that date.
>
> The Court: Well, this goes back to the question I asked at the outset, which was that it would be concurrent -- well, what's the --
>
> Government: Your Honor, I think credit for time served is appropriate. We have no idea what's going to happen in the state case. For all I know, it's going to be dismissed and he will never be convicted or found not guilty at trial. So I think it's appropriate that he receive credit for time served.
>
> The Court: And so the effective date would be October 26?
>
> Government: Yes, I believe that is the date of the initial arrest, Your Honor, and that he has been incarcerated since then.
>
> The Court: All right. So credit for time served effective 10/26/12 forward, all right.

Docket 54 at 34–35. This exchange seems to reflect the Government's mistaken belief that the sole basis for Mr. Beaty's incarceration from October 26, 2012 onward was the pending charges in 3PA-12-02890CR, which stemmed from the same incident as the federal case. As a result, it appears that the Court's decision to grant credit for time served beginning on that date was based on a mistaken understanding of the circumstances of Mr. Beaty's incarceration.

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order re Motion to Correct
Page 5 of 6

The Court's reference in the Amended Judgment to time served beginning October 26, 2012 reflected only the intention to award Mr. Beaty credit for what the Court mistakenly believed was time served in the related state case, 3PA-12-02890CR. Because Mr. Beaty's incarceration from October 26, 2012 was in connection with the unrelated case, granting him credit now would be inconsistent with the Court's intent at sentencing. As a result, there is no basis to apply Rule 36 to alter the Amended Judgment.[18]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion to Correct at Docket 82 is DENIED.

DATED this 18th day of December, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] *See United States v. Goodwin*, 15 F. App'x 511, 514 (9th Cir. 2001) (construing Rule 36 as akin to Federal Rule of Civil Procedure 60(a), which "focus[es] on the intention of the judge at the time the error was made").

Case No. 3:13-cr-00010-SLG, *United States v. Beaty*
Order re Motion to Correct
Page 6 of 6